UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Hudson City Savings Bank, FSB<br><br>Plaintiff,<br><br>vs.<br><br>Edith R. Castleberry, et al.<br><br>Defendants. | Case No. 2:07-cv-642<br><br>Judge John D. Holschuh<br><br>**FORECLOSURE COMPLIANCE AFFIDAVIT** |

STATE OF _mn_ )
                 ) SS
COUNTY OF _Dakota_ )

___Josh Baxley_____ ( Affiant ), being first duly sworn according to law, deposes and says on the basis of personal knowledge:

1. Affiant is Attorney-in-fact for Wells Fargo Bank N.A. (the "Company"), and is competent to testify to the matters stated in this Affidavit. The Company provides mortgage and foreclosure related services to Hudson City Savings Bank, FSB (the "Plaintiff") and has personal knowledge and access to records related to the promissory note and mortgage that are subject of this foreclosure action.

2. Plaintiff is the owner and holder of the promissory note and mortgage referenced in the Complaint and has standing to enforce its rights under the note and mortgage and is therefore the real party in interest.

3. Edith R. Castleberry signed the promissory note and thus promised, among other things, to make monthly payments on or before the date such payments were due. A copy of the note is attached to Plaintiff s complaint.

69381479.doc

4. To secure payment of amounts due under the promissory note, Edith R. Castleberry executed and delivered the mortgage attached to Plaintiff's Complaint ("Mortgage") in favor of Mortgagee.

5. The Mortgage conveys to the Plaintiff property commonly known as 1492 Fairwood Avenue, Columbus, OH 43206, parcel no. 010-104234. The legal description of the Property is referenced in the Complaint.

6. The note and mortgage are in default because monthly payments have not been made.

7. A written notice of default was given in accordance with the terms of the note and mortgage. The default was not cured, and thus the sums due under the note were accelerated. As a result, the full amount of principal and interest due under the note are now required to be paid. Also required to be paid are all costs and expenses incurred in enforcing the note to the extent that the payment of such amounts is not prohibited by Ohio law.

8. There is due and payable on the Note principal in the amount of $77,519.67, exclusive of interest, costs and attorney's fees.

9. There is further due and payable on the Note interest on the unpaid principal at the rate of 6% from February 1, 2007. Late charges, advances made for the payment of taxes, assessments, and insurance premiums, and expenses incurred for the enforcement of the note and mortgage may also be due, to the extent that the payment of such amounts is not prohibited by Ohio law. If necessary, the final amount of some or all of these items will be established at a later date.

10. A true and accurate copy of the history of payments made by Defendant Edith R. Castleberry, as due under the Note which is the subject of this action, is attached hereto as an exhibit.

69381479.doc

11. To the best of Affiant's knowledge, Edith R. Castleberry is not a minor, incompetent or in the Military Service, as such term is defined in Section 101 (2) of the Servicemembers Civil Relief Act, as amended, which amended the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 501.

12. Further Affiant sayeth naught.

_____
-- Affiant    Josh Baxley    **Attorney in Fact**

Subscribed and sworn to before me, a Notary Public, this 10 day of July, 2007.

_____
Notary Public

Matthew Allan Banaszewski
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011